IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ALESSANDRA NICOLE ROGERS,**

    **Plaintiff,**

v.                                                                                    2:21-cv-00445-CG-GJF

**STANTON RIGGS, CLAY CORN, DINA HOLCOMB,
DANIEL ORNELAS, SUSAN GOLDSTROM in their official
and individual capacities, AND CHAVES COUNTY,**

    **Defendants.**

### COUNTY DEFENDANTS' PARTIAL MOTION TO DISMISS

COME NOW Defendants Clay Corn, Dina Holcomb, Daniel Ornelas, Susan Goldstrom in their official and individual capacities, and Chaves County (hereafter "County Defendants"), by and through their counsel, the Law Office of Jonlyn M. Martinez, LLC, and hereby move this Honorable Court to dismiss with prejudice Count I, Count II against Ornelas and Corn and Counts III, IV and V against Defendant Ornelas of the Plaintiff's Complaint because they fail to state a claim for which relief can be granted.

Counsel for the Plaintiff was contacted concerning her position regarding this Motion and opposes this Motion.

WHEREFORE, the County Defendants pray that this Honorable Court dismiss Count I, Count II against Ornelas and Corn and Counts III, IV and V against Defendant Ornelas of the Plaintiff's Complaint with prejudice, and for such other relief as is deemed appropriate.

In support of said Motion, the Defendants state as follows:

# BACKGROUND

The Plaintiff's Complaint For Violations Of 28 U.S.C. § 1983, the New Mexico Human Rights Act, the New Mexico Whistleblower Protection Act, Petition for Writ Of Certiorari and Judicial Review of Administrative Decision (hereafter "Plaintiff's Complaint") [Document No. 1-2], is based on Plaintiff's allegation that she did not receive the promotion she believes she deserves. The Plaintiff's Complaint contains the following Counts:

Count I: 1983 Due Process Violation *(Defendants Riggs And Holcomb In Their Individual Capacities)*;

Count II: 28 U.S.C. § 1983 Violation Of First Amendment: Freedom Of Speech, Association And Petition *(Defendants Riggs, Corn And Ornelas In Their Individual Capacities)*

Count III: Violation Of The NMWPA *(Defendant Chaves County)*

COUNT IV: Violation Of The NMHRA (Gender Discrimination) *(Defendants Chaves County, Riggs, Corn, Ornelas And Goldstrom)*

COUNT V: Violation Of The NMHRA (Sexual Harassment/Hostile Work Environment) *(Defendants Chaves County, Riggs, Corn, Ornelas And Goldstrom)*

COUNT VI: Violation Of The NMHRA (Retaliation) *(Defendants Chaves County, Riggs, Corn, Ornelas And Goldstrom)*

COUNT VII: Petition For Certiorari

**Factual Background**

The Plaintiff claims that she has been discriminated against due to her sex and her sexual orientation. In addition, she claims retaliation and a hostile work environment. She alleges that all three (3) of her current and former supervisors have discriminated against her and that the County Manager and the Human Resources Director have somehow participated in this discrimination creating a hostile work environment. The Defendants deny these allegations. The Plaintiff alleges that she has been denied promotions because she is a female. This is not correct.

The Plaintiff has been an employee with Chaves County for approximately ten (10) years. She was promoted to the rank of Lieutenant in May of 2013. The command structure at the Detention Center is as follows:

> **Detention Administrator**
> Major (1) ← Lieutenant (4) ← Sergeant (6) ← Corporal (4) ← Officers

Mr. Corn retired from Chaves County after 25.5 years of service at the end of November 2020. Mr. Daniel Ornelas a Lieutenant with over 20 years law enforcement experience with the Chaves County Sheriff's Office was selected by the County Manager as the new Detention Administrator. Another Lieutenant, Mr. Hernandez, is currently working as the acting major.

On July 17, 2020, the Chaves County Sheriff's Office conducted a search of the Chaves County Detention Center due to a missing hard-drive that belonged to the classification office. A blue duffel bag was located that belonged to the Plaintiff. This duffel bag contained narcotics that law enforcement determined was likely cocaine, crystal meth, and marijuana. The Plaintiff claimed that these illegal drugs were used by her as part of her training. However, she failed to follow applicable policy by storing these materials in a secure location and she failed to have any documentation concerning the chain of custody concerning these illegal drugs. As a result, she was placed on administrative leave and given a five-day suspension for her conduct. She was provided a pre-determination hearing and a post deprivation hearing where she was represented by her current counsel. At the conclusion of the administrative hearing, the hearing officer upheld her termination. Notably, the attorney representing Chaves County in the administrative hearing, Dina Holcomb, is not an employee of Chaves County and is a private attorney in Albuquerque that was representing Defendant Chaves County in the Plaintiff's post-deprivation hearing. The Plaintiff's Complaint followed.

**Factual Allegations Related to Count I Due Process Violation**

The Plaintiff's Complaint contains the following factual allegations concerning Count I of Plaintiff's Complaint:

4. Stanton Riggs, Clay Com, Dina Holcomb, Daniel Ornelas, and Susan Goldstrom live and/or work in Chaves County, NM. They are employers within the meaning of the New Mexico Human Rights Act, NMSA 1978 § 28-1-7 et seq, New Mexico Whistleblower Protection Act NMSA 1978 § 10-16-1 et seq and New Mexico Common Law.

97. Dina Holcomb, Chaves County's attorney, finally sent Lt. Rogers' counsel Trish Hoffman's report on December 7, 2020. The document had clearly been altered before being sent to counsel, for example date of the document had been obviously altered to read December 3, 2020.

150. In the post-disciplinary hearing, Defendants Riggs and Holcomb violated Lt. Rogers' Due Process rights by not disclosing the evidence against her until 5 minutes before the deadline for her to submit her defense.

156. Defendants Riggs and Holcomb violated Lt. Rogers' procedural due process rights by repeatedly denying Lt. Rogers proper notice of the evidence against her.

157. Defendants Riggs and Holcomb violated Lt. Rogers procedural due process rights by preventing Lt. Rogers a meaningful opportunity to know and respond to the evidence against her.

**Factual Allegations Related to Count II Against Defendants Ornelas and Corn**

In addition to paragraph 4, listed above, the Plaintiff made the following factual allegations concerning Defendant Ornelas in her Complaint:

68. Lt. Rogers applied to become the next CCDC Administrator and was interview in or around October 2020.

69. Despite having 12 years of direct and actual experience with CCDC management, Chaves County instead hired Daniel Ornelas, who had no experience or knowledge about CCDC. Mr. Ornelas had spent his career as a CCSO deputy, and had no correctional experience, whatsoever.

70. After being hired, Defendant Ornelas told Lt. Rogers that he would never promote her to chief of security and that he believed she should have been arrested over the contraband issue.

71. Defendant Ornelas told staff that he intended to keep Hernandez as Chief of Security or get someone from outside, making it clear that he'd rather get someone without experience, than to promote any of the Lieutenants who signed the petition.

90. On December 2, 2020, Lt. Rogers asked Ornelas to show her the file on her that he had inherited from Defendant Corn. In it were reprimands which had been rescinded. Ornelas had assumed the reprimands were part of Lt. Rogers' record since they were in her file.

163. On or around June 10, 2020, Lt. Rogers created a petition listing a number of serious issues, violations of law and public concerns that were affecting morale, safety and security at CCDC.

164. This petition was signed by at least 45 employees and represented constitutionally protected activity.

165. After this petition was delivered to Defendants, Lt. Rogers was subjected to numerous instances of retaliation.

166. In July 2020, Lt. Rogers was publicly escorted off CCDC premises and placed under criminal investigation and then placed on administrative leave.

167. Although contraband was also found with other employees, Lt. Rogers became the subject of three different investigations into her possession of contraband, and was placed on administrative leave twice. She was eventually suspended for 5 days without pay.

168. None of these investigations even attempted to substantiate whether Lt. Rogers had permission to have and use this contraband.

169. Each investigation grilled individuals who signed this petition about why they signed, giving the appearance that they may be in trouble for having signed this petition.

170. The 3rd investigator, Chris Cappon, openly told witnesses that the "only smart one" was Lt. Hernandez because he didn't sign this petition.

171. Defendant Com told Mr. Cappon that Lt. Hernandez, who had the least seniority and experience, was promoted because he was the only Lieutenant without "HR Problems"

172. All the Lieutenants except for Hernandez signed Lt. Rogers' petition.

173. Defendant Ornelas told Lt. Rogers that he would only promote Hernandez to Chief of Security, or he'd bring someone in from the outside, making it clear that none of those who signed the petition had a shot at this promotion.

**Facts Related to Counts III, IV and V against Defendant Ornelas**

On September 10, 2020, the Plaintiff filed her Initial Charge of Discrimination with the New Mexico Human Rights Bureau. ***See Charge of Discrimination***, attached hereto as Exhibit A. In this Charge of Discrimination, the Plaintiff listed Defendants Corn and Riggs as individuals that engaged in discrimination and retaliation. *Id*. Thereafter, on October 22, 2020, the Plaintiff amended her Charge of Discrimination to include Defendant Goldstrom. *Id*. Thereafter, on February 22, 2021, the Plaintiff amended her Charge of Discrimination again to include her five-day suspension. ***See Amendment to Charge of Discrimination***, attached hereto as Exhibit B. Defendant Ornelas was not named in the Plaintiff's Charge of Discrimination or subsequent amendments. Defendant Ornelas is also not listed in the Order of Non-Determination. ***See Order of Non-Determination***, attached hereto as Exhibit C.

## POINTS AND AUTHORITIES

**STANDARD OF REVIEW**

Pursuant to Fed. R. Civ. P. 12(b)(6), it has long been held that dismissal is appropriate "when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief, accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff." ***Yoder v. Honeywell, Inc.***, 104 F.3d 1215, 1224 (10th Cir.) (internal quotations omitted), ***cert. den***. 118 S.Ct. 55 (1997). Conclusory allegations are not "well-pleaded," and thus are not taken as true for purposes of a Motion to Dismiss. ***Hall v. Bellmon,*** 935 F.2d 1106, 1110 (10th Cir. 1991). A complaint must include enough facts to state a claim for relief that is "plausible on its face" and to "raise a right to relief above the speculative level." ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The complaint need not include detailed factual allegations, but it must provide more than "a formulaic recitation of the elements of a cause of action." ***Id***. A claim is facially plausible when plaintiff has alleged enough factual content for the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. ***Ashcroft v. Iqbal***, 556 U.S. 662, 677, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. As the Tenth Circuit explained, "[t]his requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." ***Robbins, supra***, 519 F.3d at 1248. Based on the facts alleged in the Plaintiff's Complaint, the Plaintiff has failed to state a claim for which relief can be granted as to

7

Count I, Count II against Defendants Ornelas and Corn and Counts III, IV and V against Defendant Ornelas of the Plaintiff's Complaint

**A. Plaintiff's Claim of Alleged Due Process Violation in Count I Fails.**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). It appears that the Plaintiff claims in Count I that her right to due process was violated when she was not provided the exhibits sufficiently in advance of her post deprivation hearing and when Defendant Riggs conducted her pre-deprivation hearing. A review of the Plaintiff's allegations in Count I reveal that the Plaintiff has no well-pled factual allegations which would establish that Defendants Riggs and/or Holcomb violated the Plaintiff's rights.

Moreover, the Plaintiff also has pled no facts that would establish that Defendant Holcomb acted under color of law. "Under Section 1983, liability attaches only to conduct occurring 'under color of law.'" *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995). The under-color-of-state-law requirement is a "jurisdictional requisite for a § 1983 action, which . . . furthers the fundamental goals of preserving an area of individual freedom by limiting the reach of federal law . . . and avoiding imposing on the state, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed." *Jojola v. Chavez*, 55 F.3d 488, 492 (10th Cir. 1995). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. at 49 (quoting *United States v. Classic*, 313 U.S. 299, 326, 61 S.

Ct. 1031, 85 L. Ed. 1368 (1941)). "The authority with which the defendant is allegedly 'clothed' may be either actual or apparent." *Jojola v. Chavez*, 55 F.3d at 493. In the present case, the factual allegations against Defendant Holcomb are that she provided exhibits to Plaintiff's counsel 5 minutes before the deadline for her to submit her defense. *See Plaintiff's Complaint*, at ¶ 150 [Document No. 1-2]. Apparently, Defendant Holcomb was representing Chaves County in the post-deprivation administrative proceeding concerning discipline given to the Plaintiff. *Id.*, at Count I. The provision of exhibits is not conduct that constitutes an exercise of power made possible only because the wrongdoer is clothed with the authority of state law. Instead, it is activity conducted by all lawyers, including non-government lawyers on a routine basis. Moreover, the Plaintiff's allegation is that she was provided the materials before she was required to "submit her defense." *Id.*, at ¶ 150. Thus, the Plaintiff has failed to set forth any well-pled factual allegations that her right to due process was violated by Defendant Holcomb.

To determine what procedural protections the Constitution requires in a particular case, the Court weighs several factors. *Zinermon v. Burch*, 494 U.S. 113, 127-28, 110 S. Ct. 975, 984-85 (1990). Applying this test, the Court usually has held that the Constitution requires some kind of a hearing *before* the State deprives a person of liberty or property. See, *e.g., Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 542 (1985) ("'The root requirement' of the Due Process Clause" is "'that an individual be given an opportunity for a hearing *before* he is deprived of any significant protected interest'"; hearing required before termination of employment (emphasis in original)). The Plaintiff alleges she was provided a letter informing her of the allegations against her. *See Plaintiff's Complaint*, at ¶ 92. She then claims that she was provided investigations and reports both by Defendant Riggs and Ms. Holcomb. *Id.*, at ¶¶ 96-97. The Plaintiff was given a pre-disciplinary hearing with Defendant Riggs. *Id.*, at ¶ 103. Next, the

Plaintiff appealed her discipline and chose a hearing officer. *Id*., at ¶¶ 106-108. The Plaintiff appears to argue that the Defendant disclosed its evidence in accordance with the hearing officer's order. *Id*., at ¶¶ 110-115. However, the Plaintiff objected to the timing and content of the disclosure. *Id*. Nonetheless, the Plaintiff was in possession of this evidence prior to her post-deprivation hearing. *Id*. While the Plaintiff may disagree with the hearing officer's decision, that does not amount to a denial of due process. In procedural due process claims, the deprivation by state action of a constitutionally protected interest in "life, liberty, or property" is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*. *Zinermon v. Burch*, 494 U.S. 113, 125-26, 110 S. Ct. 975, 983 (1990), citing *Parratt v. Taylor*, 451 U.S. 527, 101 S. Ct. 1908 (1981); *Carey v. Piphus*, 435 U.S. 247, 259 (1978) ("Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property").

With regard to Defendant Riggs, the Plaintiff seems to complain that he should not have conducted her pre-determination hearing. *See Plaintiff's Complaint*, at ¶ 146. However, there is no requirement that the Plaintiff have a formal predetermination hearing. The due process clause does not require an elaborate or formal predetermination hearing. *Moore v. Hernandez*, No. CIV 02-1445 MCA/LAM, 2004 U.S. Dist. LEXIS 33825, at *16 (D.N.M. *Loudermill*, 470 U.S. at 545-56, and *Gilbert v. Homar*, 520 U.S. 924, 929, 117 S. Ct. 1807 (1997). The predetermination hearing "should be an initial check against mistaken decisions-- essentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action." *Id*. The United States Supreme Court has held that pretermination process need only include oral or written notice of the charges, an explanation of the employer's evidence, and an opportunity for the

employee to tell his side of the story. *Id*. Thus, Defendant Riggs provided the Plaintiff with all that is required. Based on the foregoing, the Plaintiff was afforded all of the process she was entitled to and her claim in Count I fails to state a claim for which relief can be granted and must be dismissed with prejudice.

### B. Plaintiff's Claim of Alleged Violation Of First Amendment in Count II Fails as to Defendants Ornelas and Corn.

To establish a First Amendment violation, a public employee must demonstrate that she has suffered an adverse employment action for exercising her right to free speech. *Pierce v. Tex. Dep't of Criminal Justice, Institutional Div.*, 37 F.3d 1146 (5th Cir. 1994), citing *McCabe v. Sharrett*, 12 F.3d 1558, 1563 (11th Cir. 1994). Adverse employment actions are discharges, demotions, refusals to hire, refusals to promote, and reprimands. *Id.* In the present case, the Plaintiff has failed to allege that she suffered from an adverse employment action committed by Defendant Ornelas.

Instead, the Plaintiff alleges that she applied to become the next CCDC Administrator and was interviewed in or around October 2020, but Defendant Ornelas was hired. *See Plaintiff's Complaint*, at ¶¶ 68-69. Thus, based on the Plaintiff's own allegations, Defendant Ornelas was hired after October of 2020. The Plaintiff has alleged that she was placed on administrative leave on December 4, 2020, her discipline, her pre-disciplinary hearing and post-deprivation hearing occurred thereafter. *See Plaintiff's Complaint*, at ¶¶ 91, 92, 102, 104, 106 and 108. The Plaintiff also claims that Defendant Ornelas told Lt. Rogers that he would never promote her to chief of security and that he believed she should have been arrested over the contraband issue. *See Plaintiff's Complaint*, at ¶ 70. The Plaintiff has failed to make any allegations in her Complaint that she applied for the chief of security position and was not

selected. However, based on the Plaintiff's own allegations, Defendant Ornelas did not want the Plaintiff to work as the chief of security because of the nature of her conduct that resulted in her discipline. Based on the foregoing, the Plaintiff's First Amendment rights were not violated by Defendant Ornelas. Thus, Count II fails to state a claim for which relief can be granted as to Defendant Ornelas and Count II must be dismissed against him with prejudice.

The Plaintiff has alleged that Defendant Corn was allowed to retire at the time of his choosing, which was the end of November, 2020. *Id*., at ¶ 66. Next, the Plaintiff claims that Defendant Corn promoted Lt. Hernandez to "interim" Chief of Security without posting the position for applicants. *Id*., at ¶ 67. As of the date of this complaint, this position has still not been posted and Lt. Hernandez still hold this promotion. *Id*. Finally, it appears that the Plaintiff claims that Defendant Corn changed her schedule and then changed her schedule back after she complained. *Id*., at ¶¶ 40-42. Based on the foregoing, the Plaintiff has failed to plead any facts which would establish that Defendant Corn took any adverse employment action against her or violated her First Amendment rights.  Thus, Count II fails to state a claim for which relief can be granted as to Defendant Corn and Count II must be dismissed against him with prejudice.

**C. The Individually Named Defendants Are Entitled to Qualified Immunity**.

The doctrine of qualified immunity shields officials from civil liability so long as their conduct "'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" ***Mullenix v. Luna***, 136 S. Ct. 305, 308 (2015), ***quoting Pearson v. Callahan***, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009) (***quoting Harlow v. Fitzgerald***, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)). A clearly established right is one that is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." ***Id***., ***quoting Reichle v. Howards***, 566 U.S.

658, 664, 132 S. Ct. 2088, 182 L. Ed. 2d 985, 989 (2012) (internal quotation marks and alteration omitted). "We do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Id*., *quoting Ashcroft v. al-Kidd*, 563 U.S. 731, 741, 131 S. Ct. 2074, 179 L. Ed. 2d 1149 (2011). Put simply, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Id*., *quoting Malley v. Briggs*, 475 U.S. 335, 341, 106 S. Ct. 1092, 89 L. Ed. 2d 271 (1986).

Qualified immunity is designed to prevent the "distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service." *Harlow, supra,* 457 U.S., at 816, 102 S.Ct., at 2737. Specifically, the policy underpinnings of this doctrine involve "strik[ing] a balance 'between the need, on one hand, to hold responsible public officials exercising their power in a wholly unjustified manner and, on the other hand, to shield officials responsibly attempting to perform their public duties in good faith from having to explain their actions to the satisfaction of a jury.' " *Locurto v. Safir,* 264 F.3d 154, 162-63 (2d Cir.2001) (*quoting Kaminsky v. Rosenblum,* 929 F.2d 922, 924-25 (2d Cir.1991)). The doctrine recognizes that officials can act without fear of harassing litigation only if they reasonably can anticipate when their conduct may give rise to liability for damages and only if unjustified lawsuits are quickly terminated. *Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978).

The presumption in favor of finding qualified immunity is necessarily high, protecting "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs,* 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986). Where "officers of reasonable competence could disagree on th[e] issue, immunity should be recognized." *Id.* Simply stated, qualified immunity ensures "that before they are subjected to suit, officers are on notice their

conduct is unlawful." *Saucier v. Katz,* 533 U.S. 194, 206, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). Where qualified immunity is raised as a defense to a claim under Section 1983, it is plaintiff's burden to point to particular facts that overcome same. *See Mitchell v. Forysthe, supra,* 472 U.S. at 526. Plaintiff's burden has been described by the Tenth Circuit as a "heavy two-part burden", entailing first a showing that defendant's actions violated a constitutional right, and second, that those rights were clearly established at the time of the conduct at issue. *Albright v. Rodriquez,* 51 F.3d 1531, 1534 (10th Cir. 1995).

>The Tenth Circuit has held that:
>
>[P]laintiff must do more than identify a clearly established legal test and then allege that the defendant has violated it. The plaintiff must demonstrate a substantial correspondence between the conduct in question and prior law allegedly establishing that the defendant's actions were clearly prohibited. The 'contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'

*Hannula v. City of Lakewood,* 907 F.2d 129, 131 (10th Cir. 1990) *(quoting Anderson v. Creighton,* 483 U.S. 635, 640 (1987)). The law is clearly established when a Supreme Court or Tenth Circuit decision is on point, or if the clearly established weight of authority from other courts shows that the right must be as plaintiff maintains. *Farmer v. Perrill*, 288 F.3d 1254, 1259 (10th Cir.2002).

As set forth above, the County Defendants submit that there are no well-pled factual allegations which establish that Defendants Riggs, Holcomb, Ornelas and Corn violated the Plaintiff's constitutional rights in this matter. With regard to Defendant Holcomb, the Defendant was unable to locate a case which has held that a lawyer's compliance with a scheduling order entered by a hearing officer violates an individual's right to due process. With regard to Defendant Riggs, as set forth above, he provided the Plaintiff with all of the process to which she was entitled. In addition, with respect to Defendants Ornelas and Corn, the County Defendants

14

were unable to locate a case which found that conduct, similar to the claims alleged by Plaintiff against Ornelas and Corn, violated a plaintiff's First Amendment right. Therefore, based on the foregoing, Defendants Riggs, Holcomb, Ornelas and Corn are entitled to qualified immunity in this matter.

**D. The Plaintiff Has Failed to Exhaust Her Administrative Remedies with Regard to Defendant Ornelas**.

"Under the NMHRA, a plaintiff must exhaust his or her administrative remedies against a party before bringing an action in district court against that party." *Sonntag v. Shaw*, 2001-NMSC-015, ¶ 13, 130 N.M. 238, 22 P.3d 1188. The district court does not have jurisdiction of a NMHRA matter until Plaintiff has exercised the administrative remedies available to her under the NMHRA. *See Mitchell-Carr v. McLendon*, 1999-NMSC-025, P 10, 127 N.M. 282, 980 P.2d 65 (providing that under the NMHRA, a plaintiff must exhaust his or her administrative remedies against a party before bringing an action in district court against that party); *see also In re Application of Angel Fire Corp.*, 1981-NMSC-095, P 5, 96 N.M. 651, 634 P.2d 202 ("Jurisdiction of the matters in dispute does not lie in the courts until the statutorily required administrative procedures are fully complied with."). To exhaust administrative remedies as to a person, the plaintiff must specifically name the person as a discriminating party and provide an address for that person in the Charge of Discrimination. *Lobato v. State Env't Dep't*, 2012-NMSC-002, ¶ 8, 267 P.3d 65 ("any person reporting unlawful discrimination must 'file with the human rights division of the labor department a written complaint that *shall state the name and address of the person* alleged to have engaged in the discriminatory practice, all information relating to the discriminatory practice and any other information that may be required.' Section 28-1-10(A) (emphasis added).").

In the present case, there can be no argument from the Plaintiff that she did not know she had to list the parties she believed were responsible for her alleged discrimination on the Charge of Discrimination because she listed individuals in her Charge of Discrimination and Amended Charge of Discrimination. *See Exhibits A and B*, attached hereto. Defendant Ornelas is also not listed in the Order of Non-Determination. *See Order of Non-Determination*, attached hereto as Exhibit C.  In addition, the Plaintiff was represented by her counsel during the pendency of her administrative proceeding. *See Exhibit B*, attached hereto. Therefore, the Plaintiff is not an unwary Plaintiff unaware of her obligation to exhaust her administrative remedies. Due to the Plaintiff's failure to list Defendant Ornelas in her Charge of Discrimination and the fact that he not listed in the Order of Non-Determination, the Court lacks jurisdiction over Defendant Ornelas and he must be dismissed from this lawsuit.

## CONCLUSION

For all the foregoing reasons, the County Defendants submit that Count I, Count II against Ornelas and Corn and Counts III, IV and V against Defendant Ornelas of the Plaintiff's Complaint should be dismissed with prejudice. The Defendants further submit that Defendant Riggs is entitled to qualified immunity as to Count I, and Defendants Holcomb, Ornelas and Corn are entitled to qualified immunity with regard to the Plaintiff's remaining federal claims against them, and request such further relief as this Court deems appropriate.

Respectfully submitted,

LAW OFFICE OF JONLYN M. MARTINEZ, LLC

By */s/ Jonlyn M. Martinez*_____
    JONLYN M. MARTINEZ
    Attorneys for County Defendants
    P.O. Box 1805
    Albuquerque, NM  87103-1805
    (505) 247-9488

I HEREBY CERTIFY that a true copy
of the foregoing was sent via CM/ECF
to all counsel of record on April 13, 2021:

_____/s/_____