IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ALESSANDRA NICOLE ROGERS,**
        **Plaintiff,**

v.                                                                                                2:21-cv-00445-SWS-KHR

**STANTON RIGGS, CLAY CORN, DINA HOLCOMB,
DANIEL ORNELAS, SUSAN GOLDSTROM in their official
 and individual capacities, AND CHAVES COUNTY,**
        **Defendants.**

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

COMES NOW Plaintiff Lt. Alessandra Nicole Rogers, by and through her counsel of record, Heather Burke, with her Response in Opposition to Defendants' Motion to Dismiss. For the reasons argued herein, Lt. Rogers respectfully requests that this Court deny Defendants Motion to Dismiss.

### I.    Argument

In deciding a Motion to Dismiss the Court should accept all factual allegations as true for purposes of the Motion, and grants all reasonable inferences in the non-moving party's favor. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1141 (10th Cir. 2012).

### A. Defendant Holcomb Acted Under Color of Law

Defendant Holcomb is a contract attorney for Chaves County. She not only represented the County in Lt. Rogers' appeal hearing, but had been representing them at least since Lt. Rogers' attorney sent a letter on her behalf in August 2020. Defendants acknowledge that Defendant Holcomb was working in a governmental capacity, under color of law, which is why they are asserting the defense of Qualified Immunity on her, and other Defendants, behalf. (see *Filarsky v. Delia*, 566 U.S. 377, 390, 132 S. Ct. 1657, 1665 (2012)) A private citizen cannot assert a defense of Qualified immunity. However, Qualified Immunity does not protect clearly established constitutional violations, such as those clearly established by *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 546, 105 S. Ct. 1487, 1495 (1985). As an attorney who has long contracted with governments, Defendant Holcomb knew, or should have known, that she must present an explanation of evidence to a public employee as part of their due process rights. Instead, she intentionally waited until as close to the deadline as possible to reveal her evidence to Lt. Rogers, which denied Lt. Rogers a meaningful hearing as discussed in full below.

### B. Defendants Riggs and Holcomb Violated Lt. Rogers Clearly established Due Process Rights and are not entitled to Qualified Immunity.

"A fundamental requirement of due process is the opportunity to be heard. It is an opportunity which must be granted at a meaningful time and in a meaningful manner." *Armstrong v. Manzo*, 380 U.S. 545, 546, 85 S. Ct. 1187, 1188 (1965) In *Cleveland Bd. of Educ.*

*v. Loudermill*, the Supreme Court held that "The tenured public employee is entitled to oral or written notice of the charges against him, **an explanation of the employer's evidence**, **and an opportunity to present his side of the story**." , 470 U.S. 532, 546, 105 S. Ct. 1487, 1495 (1985). (emphasis added)  "The opportunity to be heard in a " meaningful manner," generally includes **an opportunity to review and present evidence**, confront and cross examine witnesses, and consult with counsel, either by way of an informal or formal hearing.... " *State ex rel. Children, Youth & Families Dept. v. Maria C.* 2004-NMCA-083, 136 N.M. 53, 94 P.3d 796. (emphasis added) It also includes "(1) an impartial tribunal; (2) notice of the charges within a reasonable time before the hearing; and (3) absent emergency circumstances, a pre-termination hearing." *Miller v. City of Mission, Kansas*, 705 F.2d 368, 372 (10th Cir. 1983).

   Here, Defendant Riggs has been both the County Manager and County Attorney for many years, and yet the County Policy does not adhere to the clearly established due process requirements from Loudermill, and does not require any notice of charges or explanation of evidence in disciplinary actions. The County does not issue notices of contemplated or final actions which clearly explain the charges and evidence and the rights of the employee. With one-person filling both roles, all county employees are also denied the oversight contemplated by requiring a different person to review the disciplinary decisions of the County Manager.  Thus, it is more than likely that all employees at Chaves County are denied their due process in disciplinary actions.

   In Lt. Rogers case, Defendants Riggs issued a letter informing Lt. Rogers that she was subject to discipline for an allegation about contraband, but not what the evidence against her was, nor what the discipline being considered was.**[Exhibit 1]**  Defendants Riggs did not provide an explanation of evidence against Lt. Rogers before her pre-suspension hearing, and improperly

denied her the ability to review and present evidence in response to their unexplained evidence at the post decision appeal hearing. Defendants agree that Defendant Riggs was required to provide Lt. Rogers with an "explanation of the employer's evidence" at this stage, and yet he did not do so. (see page 10 of Defendants' MTD) The only reason she received any evidence at all before the pre-discipline hearing was that she had to ask Defendant Riggs[1] and he sent only two documents[2] without explanation and then referred to other alleged evidence in her pre-suspension hearing. But this turned out not to be all the evidence the County was using against Lt. Rogers.  Under *Loudermill*, Lt. Rogers was entitled to an explanation of the evidence against her before the pre-suspension hearing.

     Instead, Lt. Rogers had to elect to appeal a suspension for which she still had not seen all the evidence against her[3] before she would have any chance for knowing what it was. In fact, if Lt. Rogers had not elected to appeal her suspension, as many employees do not, she would **never** had seen the evidence against her.  There was no period of discovery in the post-decision appeal hearing process, and Defendants Riggs and Holcomb did not provide Lt. Rogers with the evidence against her at any time before they provided it to the Hearing Officer[4].  Defendant Holcomb waited until 5 minutes before the deadline in the scheduling order on a Friday evening to produce the evidence to Lt. Rogers for the **very first time**, when it would be impossible for Lt. Rogers to respond to their evidence with rebuttal evidence and witnesses of her own, forcing

---

[1] Certainly, Defendant Riggs was not an impartial tribunal in the pre-discipline hearing
[2] These documents both included more exculpatory evidence showing that Lt. Rogers had permission to have and use contraband for training than evidence against Lt. Rogers, and could not be considered an explanation of why she was being disciplined.
[3] If Defendants did not already have all of this evidence collected, it is unclear how they made the decision to suspend Lt. Rogers in the first place.
[4] It is irrelevant that Defendant Holcomb complied with the schedule order of the grievance appeal hearing.  Lt. Rogers should already have been provided all the evidence against her before she had to elect to appeal the suspension.

her to guess what she might need for her defense. If Lt. Rogers had had time to review the County's evidence before she submitted her defense, she would have been able to call different witnesses and evidence. Lt. Rogers should not have had to wait for the exhibits just before the trial to see the evidence against her for the very first time, after all deadlines her own exhibits and witnesses were past. This amounts to trial by ambush, which is never allowed. Even if the County could argue that the optional grievance appeal hearing was meant to satisfy Lt. Rogers' due process rights, the way that they

    Defendant Holcomb then objected to Lt. Rogers' written witness statements which had been expressly allowed in writing by Defendant Riggs in her previous pre-decision hearing. Defendant Holcomb also objected to Lt. Rogers calling those witnesses if the written statements were not sufficient, stating that it was past the deadline. This perverted Lt. Rogers ability to properly cross examine her accusers and to present a meaningful defense through evidence of her own.

    Lt. Rogers objected to the County's new evidence as it had not been disclosed in advance so that she could meaningfully prepare her defense, but the Hearing Officer overruled all of her objections and admitted it all, while simultaneously denying all of Lt. Rogers' evidence. Despite this administrative appeal hearing would clearly be subject to the administrative procedures act, and thus subject to a less stringent evidentiary standard including allowing written witness statements, the Hearing Officer inexplicably decided to apply the stricter federal rules of evidence on the morning of the hearing and deny all of Lt. Rogers written witness statements. He would also not allow Lt. Rogers to have these individuals testify in person once Defendant Holcomb objected. If Lt. Rogers had known that the federal evidentiary standard was

going to be applied, she could have planned on in person witnesses from the start. This completely prevented Lt. Rogers ability to put on her own case because she had no witnesses.

The Hearing Officer had ex parte communications with the Defendant Holcomb and Defendant Riggs the morning of the hearing before he decided to apply the wrong evidentiary standard, it is impossible to know if this decision was part of those improper discussions. In addition, Defendant Holcomb and the Hearing Officer secretly allowed Defendant Riggs to attend the entire hearing, in violation of county policy that witnesses can only be in the hearing when they are testifying, and did not disclose his presence to Lt. Rogers' counsel who was attending by video. The Hearing Officer looked to Defendant Riggs for approval when making decisions in the hearing which suggests that he was not an independent decision maker. The Hearing Officer did not conduct himself in an impartial manner, which denied Lt. Rogers her right to an impartial tribunal, and arbitrarily changed rules of procedure to benefit the County who was paying him to adjudicate. His findings of fact makes no mention of Lt. Rogers' defense at all, as though she never raised one. Defendants Holcomb and Riggs both had duties to provide an explanation of their evidence to Lt. Rogers to allow her a meaningful defense, but instead denied her that evidence so that she could not adequately defend herself. While Defendants Riggs and Holcomb attempted to give the appearance that Lt. Rogers was being given the process she was due, their actions prevented   Defendants Holcomb and Riggs intentionally refused to explain or disclose evidence until after Lt. Rogers's deadline to respond to it, which denied Lt. Rogers a meaningful hearing in violation of her clearly established due process rights. As Defendants Riggs and Holcomb are both practicing attorneys, neither can argue that they were not aware of the well-established Due Process requirement of *Loudermill*, and thus, their claims of qualified immunity must be denied.

### C. <u>An Unpaid Suspension is an Adverse Employment Action in violation of the First Amendment</u>

"It has been clearly established in this Circuit since 1988 that reports of dishonesty, malfeasance, impropriety, and misconduct by public officials touch on matters of public concern and are, therefore, protected by the First Amendment" *Hulen v. Yates*, 322 F.3d 1229, 1239 (10th Cir. 2003) (see also Colvin v. Keen, 900 F.3d 63, 75 (2d Cir. 2018), *Kindle v. City of Jeffersontown*, 374 F. App'x 562, 568 (6th Cir. 2010)). Adverse employment actions which constitute impermissible retaliation are varied and encompass numerous actions which employees may find to be materially adverse. It is also well established that suspension without pay is a materially adverse employment action. (See *Burlington N. & Santa Fe Ry.* v. White, 548 U.S. 53, 126 S. Ct. 2405 (2006)) "[A] tangible employment action would have taken the form of a denial of a raise or a promotion." *Burlington Indus. v. Ellerth,* 524 U.S. 742, 761, 118 S. Ct. 2257, 2268 (1998)

Lt. Rogers was transferred out of classifications, she was changed to an unfavorable work schedule, she was denied several promotions and suspended for 5 days without pay. All of these actions constitute adverse employment actions and impermissible retaliation and were all performed by Defendants Corn, Riggs and/or Ornelas. Defendants appear to argue that an unpaid suspension does not count as an adverse action, but this is simply not true, and is not the only adverse action Lt. Rogers suffered as retaliation for her protected speech. Lt. Rogers has plausibly pled that Defendants Corn, Riggs and Ornelas retaliated against her for exercising her First Amendment Rights and Defendants Motion to Dismiss should be denied.

### D. Lt. Rogers Properly Exhausted Remedies against Defendant Ornelas

Lt. Rogers amended her charge of discrimination to include Defendant Ornelas on December 4, 2020, which was emailed to the NMHRB on December 7, 2020 by her attorney. **[see Exhibit 2]** Defendant Ornelas is also listed on Lt. Rogers' request for closure which was signed by Lt. Rogers' attorney. **[see Exhibit 3]** The NMHRB does not provide any means for a complainant to know when or how or if the employer is notified of an amendment. Lt. Rogers has no control over or responsibility for what the NMHRB does with her amendments or who is listed on the Order of Non-Determination itself. She demonstrated intent to exhaust against Defendant Ornelas by submitting her charge amendment to the NMHRB, whether the NMHRB processed that amendment properly or not. "A Title VII complainant is not charged with the commission's failure to perform its statutory duties." *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1043 (10th Cir. 2015) (quoting *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1102 (9th Cir. 2002)). Lt. Rogers properly amended her original charge to include Daniel Ornelas and therefore exhausted her administrative remedies against Defendant Ornelas.

### Conclusion

Lt. Rogers has plausibly pled that Defendants Riggs, Corn, Holcomb and Ornelas violated her well established due process and/or first amendment rights. For this reason, they are not entitled to qualified immunity for any of the violations alleged in Counts I and II. She has also exhausted her administrative remedies against Defendant Ornelas, and thus respectfully requests that this Court deny Defendants' Motion to Dismiss in its entirety and for whatever relief the Court deems just and proper.

Respectfully Submitted.

*Heather Burke*

Heather Burke
Attorney at Law
1000 Cordova Place #24
Santa Fe, NM 87505
(505) 428-9424
heather@hburkelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon opposing counsel of record through the Court's e-file and serve system on this 27th day of May, 2021.

Respectfully Submitted.

*Heather Burke*

Heather Burke
Attorney at Law
1000 Cordova Place #24
Santa Fe, NM 87505
(505) 428-9424
heather@hburkelaw.com