

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| ALESSANDRA NICOLE ROGERS,<br><br>Plaintiff,<br><br>vs.<br><br>STANTON RIGGS, CLAY CORN, DINA HOLCOMB, DANIEL ORNELAS, SUSAN GOLDSTROM in their official capacity, and CHAVEZ COUNTY,<br><br>Defendants. | Case No. 21-CV-445-S-R |

## INITIAL PRETRIAL ORDER

On October 21, 2021, the Honorable Kelly H. Rankin, United States Magistrate Judge for the District of Wyoming, held an initial pretrial conference in the above-entitled matter. Counsel participating were Heather Burke for Plaintiff and Jonlyn Martinez for Defendants. After hearing from the parties, the Court set forth the following trial schedule.

**JURISDICTION AND VENUE —**

The Court has jurisdiction over both the parties and the subject matter of this action, and venue is properly in the United States District Court for the District of New Mexico. This case was assigned to Honorable Scott W. Skavdahl and Honorable Kelly H. Rankin of the District of Wyoming to handle all proceedings. Proper service of process has been accomplished on all parties, and no parties are erroneously joined in or omitted from the action.

**CONSENT TO TRIAL BY MAGISTRATE JUDGE —**

The parties are all aware of the provisions of 28 U.S.C. § 636(c) and D.N.M. LR-Civ. Rule 73.2 and acknowledge that this case will proceed before the District Judge assigned hereto, and not before the Magistrate Judge. However, the parties are not precluded from consenting to trial before a Magistrate Judge anytime sixty (60) days prior to the trial date.

**CLAIMS AND DEFENSES —**

This case is before the Court on Plaintiff's claims alleging violations of her Due Process rights, First Amendment rights, the New Mexico Human Rights Act, and the New Mexico Whistleblower Protection Act, as well as a Petition for Writ of Certiorari. Plaintiff's claims arise from various allegations by Plaintiff regarding her employment with Chaves County, New Mexico.

Defendants filed a partial Motion to Dismiss [Doc. 4] which was granted in part and denied in part [Doc. 18]. Plaintiff's first count, violation of Due Process, was dismissed while the remaining allegations were not dismissed. Defendants deny the remaining allegations and assert various affirmative defenses.

**COMPLEXITY OF THE CASE —**

The undersigned Judge is of the opinion that this is a non-complex case.

**RULE 26(F) SCHEDULING CONFERENCE —**

The parties have complied with the requirements of Rule 26(f) of the Federal Rules of Civil Procedure.

**SELF-EXECUTING ROUTINE DISCOVERY —**

The parties are in the process of completing initial disclosures as required by D.N.M. LR-Civ. Rule 26.3 and will complete such disclosures in the near future.

The parties shall confer regarding any discovery disputes, and in the event the parties cannot settle the discovery dispute on their own, counsel shall jointly contact Judge Rankin's chambers prior to filing any written discovery motions. The Court will conduct an informal conference with the attorneys and attempt to resolve the dispute in a timely manner. If the Court is unable to resolve the matter informally, the Court will grant leave to file a motion. <u>No discovery motions shall be filed until the above process is completed and leave is granted by the Court.</u>

The Parties have a continuing duty to supplement or correct all discovery disclosures or responses in accordance with Rule 26(a), Fed.R.Civ.P.

**PROPOSED ORDERS —**

All proposed orders regarding dispositive motions filed in this matter should be submitted to Judge Skavdahl's chambers in Word or WordPerfect format and emailed to ***wyojudgesws@wyd.uscourts.gov***.

All proposed orders regarding non-dispositive motions should be submitted to Judge Rankin's chambers in a Word or WordPerfect format and emailed to ***wyojudgekhr@wyd.uscourts.gov.***

**SETTLEMENT CONFERENCE**

The requirement of D.N.M. LR-Civ. Rule 16.2 requiring mandatory settlement conferences, shall not apply to this case. However, the parties should contact Honorable Kelly H. Rankin if they are interested in court-assisted mediation.

**EXTENSIONS OF DEADLINES**

No deadline established in this order may be extended without consent of the Court. In this regard D.N.M. LR-Civ. Rule 7.4(a) which allows parties to extend deadlines is not applicable to this case.

**AMENDMENT TO THE PLEADINGS —**

    **Plaintiff Amendment Deadline — November 15, 2021**

    **Defendant Amendment Deadline — December 15, 2021**

Any motions to amend the pleadings by Plaintiff shall be filed on or before November 15, 2021. Any motions to amend the pleadings by Defendant shall be filed on or before December 15, 2021.

**EXPERT WITNESS DESIGNATION —**

    **Plaintiff Designation Deadline — March 7, 2022**

    **Defendant Designation Deadline — April 7, 2022**

In accordance with Fed. Ru. Civ. P. 26(a)(2), Plaintiff shall designate expert witnesses and provide Defendant with a complete summary of the testimony of each expert by March 7, 2022. PLAINTIFF'S DESIGNATION SHALL INCLUDE THE DESIGNATION OF ALL TREATING MEDICAL AND MENTAL HEALTH PROVIDERS WHO MAY OR WILL BE CALLED TO TESTIFY AT TRIAL IN PART OR IN FULL AS AN EXPERT WITNESS. In accordance with Fed. R. Civ. P. 26(a)(2), Defendant shall designate expert witnesses and provide the Plaintiff with a complete summary of the testimony of each expert by April 7, 2022. These summaries <u>SHALL</u> include a comprehensive statement of the expert's opinions and the basis for the opinions. *See Smith v. Ford Motor Co.*, 626 F.2d 784 (10th Cir. 1980). This expert designation does not satisfy the obligation to provide an expert report under Federal Rule of Civil Procedure 26(a)(2)(B).

Plaintiff may depose Defendant's experts after the discovery cutoff date, but must complete the depositions **fourteen (14) days** PRIOR to the final pretrial conference.

THE PARTIES SHALL SERVE UPON ONE ANOTHER, <u>AND FILE WITH THE COURT</u>, THEIR WRITTEN EXPERT AND SUMMARY REPORTS PURSUANT TO FED. R. CIV. P. 26(a)(2)(B) and (C).

The party designating the expert witness shall set forth all special conditions or requirements which the designating party or the expert witnesses will insist upon with respect to the taking of their depositions, including the amount of compensation the expert witness will require and the rate per unit of time at which said compensation will be payable. In the event counsel is unable to obtain such information to include in the designation, the efforts to obtain the same and the inability to obtain such information shall be set forth in the designation.

**LISTING OF OTHER WITNESSES — April 22, 2022.**

The parties shall list all other witnesses that may be called at trial, other than the witnesses already identified in the initial disclosures and the expert witnesses to be designated as set forth above, on or before April 22, 2022. Such listing of witnesses shall include the name, address, and a summary of the expected testimony of each witness. Copies of such witness lists <u>shall be filed</u> with the Court. Witnesses not listed will be prohibited from testifying, absent consent of the Court for good cause shown. Testimony not reasonably set out in the summary may be disallowed on motion of the opposing party.

**DISCOVERY CUTOFF DATE — May 16, 2022**

The discovery cutoff date is May 16, 2022. All written discovery requests shall be served upon and received by opposing counsel on or before the discovery cutoff date. All discovery

depositions shall be completed by the discovery cutoff date. Subject to the limitations set forth in Fed. R. Civ. P. 32, trial depositions may be taken up to **seven (7) days** prior to the trial date.

**DISPOSITIVE MOTIONS AND *DAUBERT* CHALLENGES**[1] —

>   **Filing Deadline – May 16, 2022**
>
>   **Response Deadline – June 6, 2022**
>
>   **Reply Deadline – June 20, 2022 (Daubert Motions only)**

The deadline for the parties to file all dispositive motions and *Daubert* challenges together with briefs and materials in support thereof is May 16, 2022. The parties shall file responsive briefs and materials on or before June 6, 2022. Reply briefs shall be filed on or before June 20, 2022. The parties shall strictly comply with all provisions of D.N.M. LR-Civ. Rule 7.

IF A DISPOSITIVE MOTION AND/OR *DAUBERT* CHALLENGE IS FILED EARLIER THAN THE ABOVE SCHEDULED DATE, THE RESPONDING PARTY MUST RESPOND IN ACCORDANCE WITH D.N.M.LR-Civ. Rule 7.4.

The dispositive motions are hereby set for oral hearing before the Honorable Scott W. Skavdahl on June 21, 2022 at 8:15 a.m. in the Pete V. Domenici U.S. Courthouse in Albuquerque, New Mexico.

**STIPULATIONS AS TO FACTS — June 30, 2022**

The parties shall exchange proposals for stipulations as to facts. The parties shall then confer and file with the Court their stipulations as to the facts in three (3) packets: packet #1 shall

---

[1] A *"Daubert* Challenge" refers to those challenges made to the validity or admissibility of an expert's opinion testimony based upon the requirements under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L.Ed.2d 469 (1993) and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999).

be those facts to which both parties agree, packet #2 shall include the facts to which Plaintiff seeks to stipulate and Defendant does not, and packet #3 shall include the facts to which Defendant seeks to stipulate and Plaintiff does not. The parties shall file these packets with the Court by June 30, 2022.

**MOTIONS IN LIMINE —**

    **Filing Deadline – June 30, 2022**

    **Response Deadline – July 7, 2022**

Motions in Limine or motions relating to the exclusion of evidence shall be filed no later than June 30, 2022. Responses shall be filed no later July 7, 2022. Unless otherwise determined, the Court will rule on any motions in limine at the final pretrial conference.

**FINAL PRETRIAL CONFERENCE — July 12, 2022, at 1:00 p.m.**

A final pretrial conference in this matter has been scheduled for 1:00 p.m. on July 12, 2022, at the Pete V. Domenici U.S. Courthouse in Albuquerque, New Mexico, before the Honorable Scott W. Skavdahl. Counsel for the parties shall appear in person.

BEFORE THE CONFERENCE, COUNSEL FOR REPRESENTED PARTIES ALL MUST AGREE UPON, PREPARE, AND SIGN A JOINT PROPOSED FINAL PRETRIAL ORDER PREPARED FOR JUDGE SKAVDAHL'S SIGNATURE IN THE FORMAT ATTACHED HERETO. THIS FORM WILL TAKE THE PLACE OF A FINAL PRETRIAL MEMORANDUM. All represented parties are jointly responsible for the preparation of the proposed Joint Final Pretrial Order. <u>A copy of the proposed order must be delivered directly to Judge Skavdahl's chambers (but not filed) via e-mail</u> to *wyojudgesws@wyd.uscourts.gov* or by U.S. Mail at least **seven (7) days** before the final pretrial conference.

**WITNESS AND EXHIBIT LISTS MUST BE EXCHANGED BY THE PARTIES (BUT NOT FILED) AT LEAST TEN (10) DAYS BEFORE THE FINAL PRETRIAL CONFERENCE.** <u>Exhibit lists must be attached to, and witness lists must be included as part of, the proposed Final Pretrial Order in accordance with the instructions in the form order</u>. The parties are not required to list rebuttal witnesses or impeachment exhibits.

COPIES OF ALL EXHIBITS AS TO WHICH THERE MAY BE OBJECTIONS MUST BE BROUGHT TO THE FINAL PRETRIAL CONFERENCE. If an exhibit is not brought to the final pretrial conference and an objection to the exhibit is asserted, the exhibit may be excluded from evidence for noncompliance with this order. EXHIBITS MUST BE PREPARED FOR THE FINAL PRETRIAL CONFERENCE AND FOR TRIAL IN ACCORDANCE WITH THE FOLLOWING INSTRUCTIONS:

***A. Marking of Exhibits***: All exhibits must be marked by the parties before trial. The plaintiff(s) shall list and mark each exhibit with numerals and the number of the case, and counsel for the defendant(s) shall mark each exhibit intended to be offered with letters and the number of the case, e.g., Civil No._____, Plaintiff's Exhibit 1; Civil No. _____, Defendant's Exhibit A. In the event there are multiple parties, "plaintiff" or "defendant" and the surname or abbreviated names of the parties shall precede the word "Exhibit," e.g., Defendant Jones Exhibit A, Defendant Smith Exhibit A, etc.

***B. Elimination of Duplicate***. The parties should compare the exhibits and eliminate duplicates. If more than one party wants to offer the same exhibit, then it should be marked with a number and listed as a joint exhibit on the exhibit list of the plaintiff(s).

***C. Copies for the Court***. Before trial, each party must supply the Court with <u>one (1) hard copy and one (1) electronic/digital copy</u> of all exhibits to be used at trial. The hard copies of exhibits should be placed in a ringed binder with a copy of the exhibit list at the front and with each exhibit tabbed.

**EXHIBIT LISTS** — The parties' exhibit lists are to be prepared in the following format:

| EXHIBIT NO. | DESCRIPTION | FILE NAME | OBJECTIONS (CITE FED.R.EVID) | CATEGORY A, B, C | OFFERED | ADMIT/NOT ADMITTED (A)-(NA)* |
|---|---|---|---|---|---|---|
| | | (e.g. *****.pdf) | | | | |
| | | (e.g. *****.jpeg) | | | | |
| | | | | | | |

\* This column is for use by the trial judge at trial.

The following categories are to be used for objections to exhibits:

**Category A**. These exhibits are admissible upon motion of any party, and will be available for use by any party at any stage of the proceedings without further proof or objection.

**Category B**. These exhibits are objected to on grounds other than foundation, identification, or authenticity. This category should be used for objections such as hearsay or relevance.

**Category C**. These exhibits are objected to on grounds of foundation, identification, or authenticity. This category should not be used for other grounds, such as hearsay or relevance. <u>Failure to indicate objections to foundation shall be deemed to be a waiver of objections as to foundation for listed exhibits. Any party establishing foundation over objection may move for attorney fees and costs necessary to establish the foundation.</u>

ANY COUNSEL REQUIRING AUTHENTICATION OF AN EXHIBIT MUST SO NOTIFY THE OFFERING COUNSEL IN WRITING WITHIN **FIVE (5) BUSINESS DAYS** AFTER THE EXHIBIT IS MADE AVAILABLE TO OPPOSING COUNSEL FOR EXAMINATION. Failure to do so is an admission of authenticity.

ANY EXHIBIT NOT LISTED ON THE EXHIBIT LISTS IS SUBJECT TO EXCLUSION AT TRIAL. THE COURT MAY DEEM ANY OBJECTION NOT STATED ON THE EXHIBIT LIST AS WAIVED.

**JURY EVIDENCE RECORDING SYSTEM (JERS) —**

Some New Mexico courtrooms utilize a new system for electronic submission of exhibits to the jury (or to the Court in the case of a bench trial). The jury evidence recording system (JERS) allows jurors to review evidence (documentary, photo, or video exhibits) on a large plasma screen during deliberations. Attorneys should provide their trial exhibits in electronic format on a USB drive, DVD, or CD to the office of the Clerk of Court a minimum of **seven (7) days** prior to the start of trial.

All electronic evidence should be provided using the following formats:

- Documents and Photographs: .pdf, .jpg, .bmp, .tif, .gif
- Video and Audio Recordings: .avi, .wmv, .mpg, .mp3, .mp4, .wma, .wav

Regarding the file size of electronic evidence, <u>individual files should not exceed 500MB</u>. If possible, exhibits approaching or exceeding this size limit should be separated into multiple files. Parties may obtain additional information regarding the submission of electronic exhibits by contacting the Clerk's Office.

**WITNESS LISTS —**

The parties shall identify in the proposed Final Pretrial Order all witnesses they <u>will</u> call or <u>may</u> call and shall further identify whether each witness will testify in person, by deposition or by video tape. The witnesses will be listed as provided in the attached form for Final Pretrial Order.

**JURY TRIAL — August 1, 2022, at 9:00 a.m.**

A jury trial is set before the Honorable Scott W. Skavdahl for 9:00 a.m. on August 1, 2022, in Albuquerque, New Mexico, and is expected to last <u>five</u> days. This case is stacked #<u>1</u> on the Court's docket. The parties should contact the Clerk's Office to determine what technology is available in the assigned courtroom.

The parties shall exchange and file <u>proposed voir dire questions</u>, <u>jury instructions</u> and <u>special verdict form</u> no later than **seven (7) days** prior to the commencement of trial, subject to the right of counsel to supplement such requests during the course of trial on matters that cannot be reasonably anticipated. THE PROPOSED JURY INSTRUCTIONS AND SPECIAL VERDICT FORMS SHALL ALSO BE SUBMITTED DIRECTLY TO JUDGE SKAVDAHL'S CHAMBERS VIA E-MAIL TO *wyojudgesws@wyd.uscourts.gov*. The instructions must be formatted as a single document for Wordperfect or Word and shall include citations to authority.

At the same time as the filing of the jury instructions, <u>the parties shall file a joint statement setting forth briefly and simply, in a noncontentious manner, the background of the case and the claims and defenses being asserted</u>. The parties should make every effort to agree upon the language for the statement. To the extent the parties cannot agree, they should use the following format: "Plaintiff contends . . . .; Defendant contends . . . ."

**Settlement Possibilities —**

The settlement possibilities of this case are considered by the undersigned Judge to be fair.

11

DATED this 22nd day of October, 2021.

_____
Kelly H. Rankin
United States Magistrate Judge