IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ALESSANDRA NICOLE ROGERS,**

  **Plaintiff,**

v.                    2:21-cv-00445-SWS-KHR

**STANTON RIGGS, CLAY CORN, DINA HOLCOMB,
DANIEL ORNELAS, SUSAN GOLDSTROM in their official
and individual capacities, AND CHAVES COUNTY,**

  **Defendants.**

## DEFENDANT CORN'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL COMPLETE RESPONSES TO DEFENDANT CORN'S DISCOVERY REQUESTS

COMES NOW Defendant Corn, by and through his counsel of record, the Law Office of Jonlyn M. Martinez, and hereby replies to Plaintiff's Response to Defendant's Motion to Compel as follows.

The Plaintiff argues that the Defendant failed to request an informal conference with the Court when the Plaintiff wholly failed to respond to the Defendant's request for supplementation. It is unclear what could be discussed in this conference without any meaningful discussion between the parties. However, counsel for the Defendant is not going to respond to the Plaintiff's repeated ad hominem attacks.

Plaintiff acknowledges that in response to Defendant Corn's discovery requests, for the first time, on June 19, 2022 [Document No. 80], she produced around 62 recordings she made surreptitiously while she was employed by the Eddy County Detention Center. These recordings contain recordings of the Defendants. The Plaintiff used them in response to the Defendants' Motion for Summary Judgment, yet they were not provided as part of the Plaintiff's Initial

1

Disclosures, which were due in October of 2021. The Plaintiff provides this Court with no explanation as to why she failed to provide this materials as part of her disclosures.

As this Court is well aware, the Plaintiff has made multiple broad and onerous discovery requests from the Defendant for email correspondence. Yet, with regard to the Defendant's request for email correspondence, the Plaintiff states: "While Defendant Corn's Motion talks about some specific information he believes he might discover, he doesn't actually state which requests he believes he might get this information from.  It is not Plaintiff's job, or this Court's, to try to puzzle together what it is that Defendant Corn is trying to Compel, exactly." *See Plaintiff's Response*, at p. 2. Apparently, the Plaintiff believes she is entitled to the Defendants' communications but the Defendants are not entitled to the Plaintiff's communications.

The Defendant has made discovery requests concerning the  Plaintiff's communications. There is no need to puzzle anything together. The Federal Rules of Civil Procedure provide:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b). Accordingly, "[r]elevance is still to be 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense." *Kennicott v. Sandia Corp*., 327 F.R.D. 454, 469-70 (D.N.M. 2018), quoting *State Farm Mut. Auto. Ins. Co. v. Fayda*, No. 14-9792, 2015 U.S. Dist. LEXIS 162164, 2015 WL 7871037, at *2 (S.D.N.Y. 2015)(Francis IV, M.J.)(internal quotation marks omitted)(quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L.

Ed. 2d 253 (1978)). Thus, pursuant to Fed. R. Civ. P. 26, the Defendant is entitled to the information requested.

The Plaintiff argues that the Defendant failed to address each discovery request specifically. Therefore, the Defendant will do so now:

**INTERROGATORY NO. 1**: With regard to your communication with the following individuals, please list the date, the complete substance of your communication, and manner of your communication from January 1, 2017 to present:
Rene Carreon
Easy Sanchez
Pedro Morales
Ashley Loveless
Cristian Lopez
Mandy Berg
Joy Burke
Clint McClain
Orlando Barraza

**RESPONSE:** Plaintiff objects to this request as too broad, burdensome, vague, irrelevant and not proportional to the needs of the case. There is no possibility that Plaintiff could answer this interrogatory accurately when it asks for all communications with nine different people for the past 5 years. This also forces Plaintiff to guess what information is being sought. This information is also not relevant to the claims or defenses at issue in this case not proportional to the needs of this litigation.

The Plaintiff provided no information in response to this Interrogatory. She asserts boilerplate objections and then claims that the Plaintiff must guess what information is sought. This contention is without merit. There is nothing vague or confusing about the request. The Defendant does not seek communications that are not in the Plaintiff's possession, custody and control. However, the Defendant is entitled to the information sought.

**INTERROGATORY NO. 2**: Please list the date, time and content of any and all social media posts you have made concerning any of the Defendants and/or Chaves County and any current or former Chaves County employees from January 2017 to present.

3

> **RESPONSE:** Plaintiff object to this interrogatory as too broad, burdensome and vague. It's impossible to tell what information is being sought. In addition, Defendants successfully objected to a nearly identical request themselves, so it is unclear why they are requesting the very information they were unwilling to provide themselves.

The Defendant's request is reasonable. The Defendant is also willing to limit the Interrogatory to the Defendants and current and former employees of the Chaves County Detention Center. However, comments the Plaintiff made about the Defendants and it employees are relevant and discoverable in this matter.

**REQUEST NO. 1:** Please provide any and all text messages, email correspondence or other written communication (electronic or otherwise) between you and the following:
Rene Carreon
Easy Sanchez
Pedro Morales
Ashley Loveless
Cristian Lopez
Mandy Berg
Joy Burke
Clint McClain
Orlando Barraza

> **RESPONSE:** Plaintiff objects to this request as overly broad, burdensome, vague, and not proportional to the needs of the case. Defendant Corn lists no timeframe, no subject matter and it would be impossible for Plaintiff to comply with this request. Moreover, none of this information is likely relevant to any of Defendant Corn's defenses.

As set forth above, the Plaintiff refused to respond to the Defendant's correspondence attempting to resolve the disputes concerning this discovery. However, the Defendant is willing to limit the time period to the time period contained otherwise referenced in these discovery requests, January of 2017 to present. Further, the Plaintiff's Declaration [Document No. 98-44] states:

6. I wrote the petition which was circulated and submitted in June 2020.

7. After printing the petition, I hand delivered a copy to Pedro Morales.

The Plaintiff gave the following testimony at her deposition concerning this petition:

```
3    Q.  You drafted it and how did you circulate it?
4    A.  I don't know what you mean.
5    Q.  You said you drafted that petition or complaint, how
6        did you circulate it to everybody?
7    A.  I didn't.
8    Q.  How did everybody know to sign it?
9    A.  I don't know.
10   Q.  Do you know who submitted it?
11   A.  No, I don't.
12   Q.  So you drafted it, and then what happened to it?
13   A.  I don't know. It went around.
14   Q.  You drafted it at your home computer or your work
15       computer?
16   A.  I believe home computer, I'm not sure.
17   Q.  And then you printed it on your home printer?
18   A.  No.
19   Q.  Where did you print it?
20   A.  I don't think I printed it.
21   Q.  Where did you send it after you drafted it?
22   A.  I don't remember.
23   Q.  So you drafted it and then you don't remember sending
24       it to anybody and then people signed it and you don't know
25       how they got it, and then it was submitted and you don't know
```

Page 203

```
1    by who, that's your testimony?
2    A.  Right, I didn't do any of that.
```

5

*See Plaintiff's Deposition*, attached hereto as Exhibit A.  Therefore, a conflict exists between, the Plaintiff's deposition testimony and her Declaration. The correspondence between the Plaintiff and the other individuals that signed the petition and/or submitted will likely establish the nature of the Plaintiff's conduct in this matter. Therefore, these communications are relevant and discoverable.

      **REQUEST NO. 2**: Please provide copies of all of your social media posts concerning any of the Defendants and/or any Chaves County and any current or former Chaves County employees from January 2017 to present.

Plaintiff's objections are the same as above.  This is too broad and too burdensome and completely irrelevant.

Again, the Plaintiff's comments concerning the Defendants are relevant and discoverable. The time frame requested is limited to January 2017 to present. Therefore, the Defendant requests that the Court grant its Motion in this regard.

      In the present case, the Plaintiff failed to cite a single case in support of her arguments. She simply recites her objections and argues that the Defendant is not entitled to the information sought. According to Rule 37, if a party does not respond to an interrogatory or to a request for production, the party requesting the discovery may move the Court to compel the opposing party to respond. **Benavidez v. Sandia Nat'l Labs**., 319 F.R.D. 696, 719 (D.N.M. 2017), citing Fed. R. Civ. P. 37(a)(2)(B). If a party refuses to turn over documents through proper discovery, a defendant should move to compel production pursuant to Rule 37. **Lewis v. Goldsberry**, 2012 U.S. Dist. LEXIS 26557, 2012 WL 681800, at *4 (D.N.M. 2012)(Browning, J.), citing **Lane v. Page**, 727 F. Supp. 2d 1214, 1236 n.15 (D.N.M. 2010)(Browning, J.).

      The Defendant's requests meet the standard for relevance:

> The magistrate judge correctly stated that evidence is relevant under Rule 401 if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. This is a liberal standard: "evidence need not be conclusive or highly probative to satisfy Rule 401—'even a minimal probability' that the asserted fact exists will suffice." *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1087 (D. Colo. 2006) (quoting *United States v. McVeigh*, 153 F.3d 1166, 1190 (10th Cir. 1998), *overruled on other grounds by Hooks v. Ward*, 184 F.3d 1206, 1226-27 (10th Cir. 1999)). With regard to Rule 401's materiality prong, a fact is "of consequence" to the action "when its existence would provide the fact-finder with a basis for making some inference, or chain of inferences, about an issue that is necessary to a verdict." *McVeigh*, 153 F.3d at 1190.

***Fry v. City of Northglenn***, Civil Action No. 16-cv-02318-PAB-KLM, 2018 U.S. Dist. LEXIS 28631, at *5 (D. Colo. Feb. 22, 2018). As set forth above, the Plaintiff's communications with individuals that signed her petition are relevant to establish the Plaintiff's conduct in this matter. It may also establish the nature of the Plaintiff's claims and any alleged damages. Therefore, the Defendant requests that this Court grant the Defendant's Motion to Compel.

## CONCLUSION

The Defendant has requested that the Plaintiff provide information concerning her contact with her witnesses and her social media posts concerning the Defendants. This information is both relevant and discoverable. Therefore, the Defendant requests that the Court Order the Plaintiff to produce the information requested and award the Defendant his costs and fees incurred in obtaining the relief requested.

Respectfully submitted,

THE LAW OFFICE OF JONLYN M. MARTINEZ, LLC

By: ___*/s/ electronically filed by*___
JONLYN M. MARTINEZ
Attorneys for County Defendants
Post Office Box 1805
Albuquerque, New Mexico 87103
(505) 247-9488

I hereby certify that a copy of the foregoing
was served to counsel of record on
August 5, 2022, via CM/ECF:

 */s/   Jonlyn M. Martinez*